UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE<br><br>ARLIE & COMPANY,<br>                   Debtor.<br><br>PACHULSKI STANG ZIEHL & JONES, LLP,<br>                   Plaintiff,<br><br>   v.<br><br>ARLIE & COMPANY,<br>                   Defendant. | Bankruptcy Case<br>No. 10-60244-fra11<br><br><br>Adversary Proceeding<br>No. 14-6206-fra<br><br><br><br><br>MEMORANDUM OPINION |

     A Pretrial Conference was held on January 7, 2015 in this recently filed adversary proceeding. Because it appeared to the Court that the issue of subject matter jurisdiction may be implicated, I asked the parties to brief the issue prior to the January 7 hearing. Having read the filed memoranda and sought input from the parties at the hearing, I have concluded that the Court lacks subject matter jurisdiction over the claims brought by Plaintiff and the adversary proceeding must, accordingly, be dismissed. My analysis follows.

## DISCUSSION

     The Debtor filed a chapter 11 bankruptcy on January 20, 2010. An order confirming the Fourth Amended Chapter 11 Plan of Reorganization (Plan) was entered on April 25, 2011. Pursuant to Article 2.1

Page 1 - Memorandum Opinion

of the Plan, each holder of an allowed administrative expense claim would be paid in full in cash on the later of the Effective Date of the Plan or the date the claim became allowed, unless the claimant agreed to different treatment. A Final Fee Order was entered on July 13, 2011 approving attorney's fees and costs in the amount of $1,213,623 in favor of Debtor's bankruptcy attorneys Pachulski Stang Ziehl & Jones (PSZJ), Plaintiff herein.

According to the Complaint, Debtor could not make payments to PSZJ in an amount necessary to retire the administrative expense obligation as required by the Plan. Desiring that a Final Decree be entered to close the bankruptcy case, the Debtor entered into an agreement with PSZJ in mid-2012, at a time when the Debtor was represented by other counsel, by which the remaining balance of the obligation of $879,888 would be paid over time. On May 16, 2012, the Court entered an Order Approving Stipulation For Order re Payment of Attorneys' Fees and Expenses and Filing of Final Account. Pursuant to the Stipulation entered into between the parties, the Debtor executed a promissory note (Note) in favor of PSZJ to pay off the balance according to a specified payment schedule. Two days later on May 18, 2012, the Final Decree was entered, with the Court retaining jurisdiction "over any adversary proceeding(s) pending at the time of closure."

According to PSZJ, Debtor made regular monthly installment payments of $50,000 for awhile, but was unable to make the final maturity payment scheduled for December 25, 2012. As an accommodation, PSZJ agreed to continue accepting monthly $50,000 installment payments, but eventually the monthly payments stopped on July 10, 2013 when the balance of the Note was $259,962.

PSZJ filed a motion to reopen the bankruptcy case and filed this adversary proceeding for Breach of the Stipulation and Promissory Note, seeking a judgment for the principal amount remaining on the Note, plus interest and attorneys' fees, costs, and expenses.

<u>Subject Matter Jurisdiction</u>

28 U.S.C. § 1334(b) provides that bankruptcy courts have "jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." A proceeding "arises under" the Bankruptcy Code "if it involves a cause of action created or determined by a statutory provision of the Bankruptcy Code."

Page 2 - Memorandum Opinion

*Battle Ground Plaza, LLC v. Ray (In re Ray)*, 624 F.3d 1124, 1131 (9th Cir. 2010). It "arises in" a case under the Bankruptcy Code "if it is an administrative matter unique to the bankruptcy process that has no independent existence outside of bankruptcy and could not be brought in another forum, but whose cause of action is not expressly rooted in the Bankruptcy Code." *Id.*

*"Arising Under" and Arising In" Jurisdiction*

The Plaintiff's cause of action for breach of the Stipulation is neither created or determined by a provision of the Bankruptcy Code nor an administrative matter unique to the bankruptcy process with no independent existence outside of bankruptcy. Instead, it is wholly dependent on state law for its resolution and could be brought in a court of the State of Oregon.

*"Related To" Jurisdiction*

An action is related to bankruptcy if "*the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." Sea Hawk Seafoods, Inc. v. State of Alaska (In re Valdez Fisheries Development Assoc., Inc.)*, 439 F.3d 545, 547 (9th Cir. 2006) (italics in original, internal citation omitted). If the court determines that it has jurisdiction based on an action related to a bankruptcy case, the court would submit proposed findings of fact and conclusions of law to the district court which would enter a final order or judgment, unless the parties agree that the bankruptcy court may do so. 28 U.S.C. § 157(c). *In re Ray* at 1133.

In the present case, when Plaintiff filed this adversary proceeding, Arlie's bankruptcy case had been confirmed and a final decree entered. The bankruptcy case was reopened to allow Plaintiff to file this adversary proceeding to obtain a judgment for unpaid attorneys' fees and to conduct a Rule 2004 examination of Debtor. The Court's entry of a money judgment against Defendant "could not conceivably have any effect on the estate being administered in bankruptcy," as the bankruptcy estate had ceased upon the entry of the Final Decree, notwithstanding its reopening for the limited purpose of filing this action. *See Valdez Fisheries* at 547-48.

For actions brought after confirmation of a debtor's plan of reorganization, the Ninth Circuit has adopted the "close nexus" test first advanced by the Third Circuit. *Valdez Fisheries* at 548. The inquiry under

Page 3 - Memorandum Opinion

that test is "whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold court jurisdiction. . . . [M]atters affecting the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus." *Id.* (*citing In re Resorts Int'l, Inc.,* 372 F.3d 154, 166-67 (3d Cir. 2004)).

In this case, the Plan provided that Plaintiff's administrative claim would be paid in full in cash on the later of the effective date of the Plan or the date the claim became allowable, unless the parties agreed otherwise. The parties reached a settlement for payment of the claim by way of a "Stipulation," and reduced the obligation to a promissory note. After that, all rights and obligations regarding the claim are defined by the terms of the promissory note and relevant state law. The confirmed plan is not implicated in any way by Defendant's default under the promissory note. This is not a proceeding falling within the rationale of the close nexus test. In *State of Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189 (2005), the court "found the requisite close nexus to exist where the post-confirmation claims asserted that the defendant breached the Reorganization Plan and where the outcome of those claims could affect the implementation and execution of the Plan." *Valdez Fisheries* at 548. Here, there was no breach of the plan of reorganization, there was a post-confirmation default of a post-confirmation promissory note. The bankruptcy court is involved in the present case only because "the dispute implicate[d] the terms of the [Stipulation] approved by the court as a precondition of the [entry of the Final Decree]. *Valdez Fisheries* at 548. That agreement was fully implemented, however, with the execution of the promissory note and the personal guarantees required under the Stipulation.

*Ancillary Jurisdiction*

"Ancillary jurisdiction may rest on one of two bases: (1) to permit disposition by a single court of factually interdependent claims, and (2) to enable a court to vindicate its authority and effectuate its decrees." *Valdez Fisheries* at 549. As in *Valdez Fisheries*, only the second basis is relevant in this case. In *Valdez Fisheries,* a creditor of a former chapter 11 debtor brought an adversary proceeding to determine the effect of a court-approved settlement agreement with the debtor on its fraudulent conveyance claim against another creditor. Approval of the settlement agreement by the court allowed the subsequent dismissal of the chapter

Page 4 - Memorandum Opinion

11 proceeding and entry of a final decree. The court held that "[w]here a settlement agreement led to the dismissal of a case, a court has jurisdiction to vindicate its authority to effectuate its decree if the court's dismissal order explicitly retained jurisdiction or incorporated the terms of the settlement agreement." *Valdez Fisherises* at 549 *(citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)). Otherwise, the settlement agreement must be enforced in state courts.

Here, the entry of the Order approving the Stipulation led to entry of a Final Decree. The Final Decree retained jurisdiction only over "any adversary proceeding(s) pending at the time of closure." Nor did the Order approving the Stipulation "explicitly retain" jurisdiction over future litigation regarding the Stipulation. Paragraph 7 of the Stipulation, attached as an exhibit to the Order, provides only that "[t]he Firm will not oppose the Debtor's closing of the Case on the condition that the Court shall reopen the Case upon the filing of a declaration by a Firm attorney representing that the Debtor is in default under the terms of this Stipulation or the Firm Note." [1] This language is not sufficient to constitute the explicit retention of jurisdiction by the bankruptcy court, even assuming that the inclusion of sufficient language in the Order approving the Stipulation would be effective in providing ancillary jurisdiction.

*Defendant's Counterclaim*

Defendant included a counterclaim in its Answer seeking disgorgement of all amounts received by Plaintiff under the promissory note, based on an alleged breach of fiduciary duty. The allegation is that Plaintiff breached its fiduciary duty as Defendant's attorneys, rendering the Stipulation and resulting promissory note a nullity.

The Court lacks subject matter jurisdiction over Defendant's counterclaim for the same reasons it lacks jurisdiction over Plaintiff's claims. In *Elias v. Lisowski Law Firm (In re Elias)*, 215 B.R. 600 (9th Cir. BAP 1997), *aff'd* 188 F.3d 1160 (9th Cir. 1999), the debtor filed a motion in bankruptcy court, following dismissal of her chapter 11 case, seeking to have the employment contract with her former attorneys

---

[1] The Ninth Circuit has questioned whether even the court's express retention of jurisdiction, alone, would bring a case within the court's ancillary jurisdiction, where jurisdiction is otherwise constitutionally limited. *Battle Ground Plaza, LLC v. Ray (In re Ray)*, 624 F.3d 1124, 1136 n.8 (2010).

Page 5 - Memorandum Opinion

invalidated based on allegations that her attorney acted unethically in his representation of the debtor. Citing Ninth Circuit decisions, the BAP stated that "a trial court retains subject matter jurisdiction to interpret orders entered prior to dismissal of the underlying case, but that it does not retain jurisdiction to grant new relief in a case that has been dismissed." *Id.* at 603. The BAP further held that the court's interest in insuring that attorneys appearing before it conduct themselves properly

> does not extend so far as to grant the bankruptcy court jurisdiction to involve itself in a state-court dispute by launching an independent inquiry into an attorney's conduct during a now-dismissed bankruptcy case. Such an inquiry would not have any connection to the issues presented in the bankruptcy, would not affect the rights of any creditor, and would not serve any of the purposes underlying the bankruptcy code. In short, the bankruptcy court would be granting the Debtor new relief that would serve no purpose in advancing the dismissed case.

*Id.* at 63-64.

The counterclaim does not allege that Plaintiff did not earn the underlying fees subject to the Stipulation, but that it acted unethically in entering into the Stipulation and promissory note with Defendant. As was determined in *Elias*, the bankruptcy court's jurisdiction does not extend to granting the "new relief" of ordering disgorgement of fees paid by Defendant in this case.

## CONCLUSION

"'[O]nce the bankruptcy court confirms a plan of reorganization, the debtor is free to go about its business without further supervision or approval of the court, and concomitantly, without further protection of the court.' . . . Reopening of the bankruptcy case is rare, and only used when necessary to resolve bankruptcy issues, not to adjudicate state law claims that can be adjudicated in state court." *In re Ray*, 624 F.3d at 1136 (citation omitted).

For the reasons given, the Bankruptcy Court lacks subject matter jurisdiction over the state law claims brought by Plaintiff and Defendant. An order will be entered by the Court dismissing the adversary proceeding.

## POSTSCRIPT

The foregoing was drafted, signed, and delivered to the Clerk for docketing prior to receipt of Plaintiff's motion for summary judgment filed on January 3, 2015 [docket #19]. I have reviewed the motion

// // //

Page 6 - Memorandum Opinion

and supporting memorandum, and find no basis for altering the analysis set out in this memorandum. An order dismissing this adversary proceeding will be entered contemporaneously.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

Page 7 - Memorandum Opinion